# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| BES Construction, LLC ) | ASBCA No. 60608 |
| ) | |
| Under Contract No. FA4418-13-C-0005 ) | |

APPEARANCES FOR THE APPELLANT:     David A. Horton, Esq.
                                   Fairhope, AL

                                   Adam M. Milam, Esq.
                                   Milam & Milam, LLC
                                   Daphne, AL

APPEARANCES FOR THE GOVERNMENT:    Jeffrey P. Hildebrant, Esq.
                                   Air Force Deputy Chief Trial Attorney
                                   Lori R. Shapiro, Esq.
                                   Phillip E. Reiman, Esq.
                                   Colby L. Sullins, Esq.
                                   Trial Attorneys

## OPINION BY ADMINISTRATIVE JUDGE MCILMAIL

BES Construction, LLC (BES) seeks $608,568.67 in delay costs related to the renovation of ball fields at a joint base in South Carolina. Both entitlement and quantum are before the Board.

## FINDINGS OF FACT

The contract was awarded in 2013 (R4, tab 1 at 2). On October 1, 2015, the contracting officer received BES's certified claim for $608,568.67 in delay costs (R4, tab 2 at 1, 12). In the final decision from which BES appealed here, the contracting officer awarded $134,886.29, including based upon a finding that BES experienced 172 days of compensable delay (R4, tab 3 at 11). During the hearing of the appeal the government presented the opinion of an expert in delay and construction costs who opined that the government owed BES not $134,886.29, but only $69,483.88, arising from 25 days of compensable delay (see tr. 1/72-75, 78, 82; ex. G-1, Weathers' expert report, at 6-7).[1] BES did not present any expert opinion; at the hearing of the appeal, the

---

[1] The hearing transcript refers to Mr. Weathers' report as "Appellant Exhibit A" (see tr. 1/75). However, at the hearing, Mr. Weathers' report was introduced into

only opinion that BES presented was that of its owner (ex. G-1, Weathers' expert report, at 2; tr. 1/14, 69).

## DECISION

Only BES filed a post-hearing brief.[2] That brief, signed by counsel, is devoid of any citation of the record or of legal authority, and offers "argument" so undeveloped, unsupported, and conclusory that it is not worthy of the name. We would be justified in denying the appeal on that basis alone. *See SmithKline Beecham Corp. v. Apotex Corp.*, 439 F.3d 1312, 1320 (Fed. Cir. 2006) (citing and quoting *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir. 1991) ("A skeletal 'argument', really nothing more than an assertion, does not preserve a claim....")); *cf. GSC Constr., Inc.*, ASBCA Nos. 59046, 59957, 2019 WL 3345140, slip op. at 20 (July 11, 2019) (summarily denying one of several claims because appellant presented "no persuasive evidence in support of that very sparse claim").

Moreover, BES has the burden here: to prevail on its claims for additional costs allegedly incurred because of the late completion of a fixed-price government construction contract, the contractor must show that the government's actions affected activities on the critical path, and where the delays of the government and the contractor are concurrent, the contractor must establish its delay apart from that attributable to the government. *See Yates-Desbuild Joint Venture v. Department of State*, CBCA No. 3350 *et al.*, 17-1 BCA ¶ 36,870 at 179,684-85.[3] BES points to no such critical path analysis of its own, even though it concedes that "[t]he project encountered delays that are arguably attributable to both BES and the government" (app. br. at 1). And although BES relies heavily on the contracting officer's decision to justify an award (app. br. at 3), our review is de novo, and the contracting officer's award is not a floor, because once an action is brought following a contracting officer's decision, the parties start before the Board with a clean slate. *See Wilner v. United States*, 24 F.3d 1397, 1401-02 (Fed. Cir. 1994); *PROTEC Gmbh*, ASBCA Nos. 61161, 61162 19-1 BCA ¶ 37,362, slip op. at 13 (June 3, 2019).

the record by the government and, therefore, should have been referred to as "Government Exhibit 1" in the transcript.

[2] On June 5, 2019, the Board ordered that appellant show cause why the appeal should not be dismissed for appellant's failure to timely file its initial brief. On June 6, 2019, appellant filed its initial brief without any explanation for the failure to file the brief on time. The government was ordered to file its response to appellant's initial brief by August 16, 2019. No filing was received by the Board by that date. Accordingly, on August 19, 2019, the Board closed briefing.

[3] Although of course not binding, we are not averse to citing an opinion of a sister board. *E.g., Relyant, LLC*, ASBCA No. 59809, 18-1 BCA ¶ 37,085 at 180,534 (citing *P.J. Dick, Inc. v. GSA*, CBCA No. 461, 07-1 BCA ¶ 33,534).

2

Nevertheless, we view the opinion of the government's expert as a concession by the government that BES is owed $69,483.88 in delay costs (ex. G-1, Weathers' expert report, at 21-29). Under the particular and perhaps unusual circumstances of this appeal, we are satisfied that BES is entitled to $69,483.88. *Cf. King Aerospace, Inc.*, ASBCA No. 60933, 2019 WL 2052447, slip op. at 3-4, 8 (Apr. 15, 2019) (having rejected appellant's quantum methodology, presiding judge concluded based upon the testimony of government's expert that appellant was entitled to $3,640,794; concurring judges "d[id] not quibble" with that amount).

## CONCLUSION

The appeal is sustained in the amount of $69,483.88, plus interest under 41 U.S.C. § 7109, from October 1, 2015, until the date of payment.

Dated: October 23, 2019

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

3

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60608, Appeal of BES Construction, LLC, rendered in conformance with the Board's Charter.

Dated:

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals
